HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SECURIAN LIFE INSURANCE COMPANY,

    Plaintiff,

v.

EDWARD REDDECK; DARLENE CRAIG; FRITZ DERHEIM AND BETH DERHEIM,

    Defendants.

CASE NO. C18-00023 RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Deposit Funds, Award Fees, Grant an Injunction and Dismiss Securian Life Insurance Company. Dkt. # 14. For the reasons set forth below, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion.

## II. BACKGROUND

Plaintiff Securian Life Insurance Company moves that the Court accept for deposit into the registry of the Court, funds by Plaintiff in the amount of $298,000, plus interest, less $8,780.79 in fees and costs, pursuant to 28 U.S.C. § 1335.

ORDER- 1

Amy Derheim died on August 18, 2016. Dkt. # 1 at ¶ 2. Amy Derheim was insured under a group term life insurance policy issued by Plaintiff to her employer (the "Policy"). *Id*. at ¶¶ 2, 6. The life insurance policy is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Patrick Reddeck, Amy Derheim's domestic partner, was listed as the beneficiary of the Policy upon her death. *Id*. at ¶ 2. Patrick Reddeck died on October 16, 2016. *Id*. Defendants Beth Derheim and Fritz Derheim (the "Derheims") are Amy Derheim's parents. *Id*. at ¶ 2. Defendants Edward Reddeck and Darleen Craig are Patrick Reddeck's parents. *Id*. at ¶¶ 3, 4.

At the time of Patrick Reddeck's death, there was an open investigation into the circumstances surrounding Amy Derheim's death. *Id*. at ¶ 10. The death certificate indicates that Amy Derheim drowned in a bath tub while intoxicated with Ketamine and that "circumstances unclear, but homicide cannot be excluded". *Id*. On or about October 12, 2016, police officers visited the home shared by Amy Derheim and Patrick Reddeck as part of their investigation into Amy Derheim's death. An altercation ensued, during which Patrick Reddeck was killed. *Id*. at ¶ 12.

Beth Derheim was listed as the contingent beneficiary of the Policy in the event of Amy Derheim's death. *Id*. at ¶ 13. The Derheims asserted a claim to the benefits from the Policy pursuant to RCW 11.84.100 because of the circumstances of Amy Derheim's death. *Id*. at ¶ 13. Edward Reddeck asserted a competing claim to the benefits. Edward asserts that Patrick Reddeck was not responsible for Amy Derheim's death and that Patrick was entitled to the benefits as the named beneficiary. As Patrick is now deceased, Edward further asserts that he is entitled to the life insurance proceeds because he and Darleen Craig are Patrick Reddeck's heirs and because he is the successor to Patrick's personal property pursuant to RCW 11.62.005(2). *Id*. at ¶ 14. On March 21, 2018, the Kent Police Department issued a report that stated that there was probable cause to believe that Patrick Reddeck caused Amy Derheim's death. Dkt. # 15 Ex. A. This report

was provided to Edward Reddeck and discussed with Darleen Craig. *Id*. at ¶¶ 5-8. Neither waived their claim to Amy Derheim's life insurance benefits. *Id*.

Plaintiff filed this action against Defendants on January 8, 2018. Dkt. # 1. On May 4, 2018, Plaintiff filed a motion for default against Edward Reddeck (Dkt. # 11) and this Motion (Dkt. # 14). On May 8, 2018, the Court granted Plaintiff's motion for default. Dkt. # 16. Edward Reddeck, proceeding *pro se*, filed four documents in response to Plaintiff's Motion. Dkt. ## 19-22. Plaintiff seeks leave to deposit the Amy Derheim's life insurance benefits plus interest, deducting fees and costs, into the registry of the Court. Plaintiff further seeks dismissal from the case and an injunction from further proceedings against Plaintiff relating to those benefits. Dkt. # 14.

### III. DISCUSSION

Under Federal Rule of Civil Procedure 22, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). The Ninth Circuit has held that "[i]nterpleader is proper when a stakeholder has at least a good faith belief that there are conflicting colorable claims." *Michelman v. Lincoln Nat'l Life Ins. Co*., 685 F.3d 887, 889 (9th Cir. 2012). Once the action has been initiated, the Court may dismiss the stakeholder from the case and enjoin the claimants from separately suing the stakeholder over the same policy benefits. 28 U.S.C. § 2361; *Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 981 (9th Cir. 1999).

Plaintiff received two conflicting claims to the proceeds of Amy Derheim's life insurance policy. The Derheims have asserted a claim due to the circumstances of Amy Derheim's death, and Edward Reddeck ("Reddeck") and Darlene Craig have asserted a claim as Patrick Reddeck's heirs. While Reddeck filed several documents with this Court, none of those documents are responsive to Plaintiff's Motion. Plaintiff alleges that it cannot determine to whom the benefits should be made without the risk of being

exposed to double liability. The Court finds that Plaintiff has met the requirements for interpleader.

Plaintiff also requests that the Court dismiss them from this action. At least one of the documents filed by Reddeck appears to be a counterclaim against Plaintiff and Plaintiff's counsel for conspiracy and fraud. Dkt. # 19. On March 21, 2018, Plaintiff filed an Affidavit of Service of Summons and Complaint on Edward Reddeck. This affidavit indicates that Reddeck was served on March 1, 2018. Dkt. # 9. Two months later, Plaintiff filed a motion for default against Reddeck, which was granted. Dkt. ## 11, 16. Reddeck filed this counterclaim on June 25, 2018. Dkt. # 19. Reddeck alleges that he was not properly served and that this court lacks jurisdiction over him. Dkt. # 19 at 9-10. Pursuant to Federal Rule of Civil Procedure 4, an individual may be served by leaving a copy of the summons and of the complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e)(2)(B). The Affidavit of Service states that copies of the summons and the complaint were left with a woman of "suitable age and discretion who states they reside" at Reddeck's usual place of abode. The woman "tried to refuse service by refusing to take documents." Dkt. # 9. Reddeck alleges that he does not reside at that address, however, Plaintiff represents that he contacted Plaintiff's counsel on March 2, 2018, or one day after the summons and complaint were left at Reddeck's alleged home. Dkt. # 12. Reddeck's counterclaim also alleges that he was aware of Plaintiff's motion for default. Dkt. # 19 at 10. Therefore, this Court finds that Reddeck was properly served on March 1, 2018.

A defendant must file an answer to a complaint within 21 days after being served with the summons and complaint, or if he has timely waived service, within 60 days after the request for a waiver was sent. Fed. R. Civ. P. 12. Reddeck has not waived service, and filed his counterclaim almost four months after he was served. Whether or not Reddeck believes that this Court has jurisdiction over him, he must file a responsive

pleading within that timeframe. Even construing his counterclaim liberally due to his *pro se* status, Reddeck's counterclaim is untimely.

Plaintiff argues that, once the interpleader is found to be proper, this Court should dismiss Plaintiff from this case, award them fees and costs to be deducted from the proceeds of the life insurance policy at issue, and enjoin Defendants from prosecuting any claims against Plaintiff relating to the policy proceeds. Dkt. # 14 at 7. As noted above, Reddeck's counterclaim is untimely, therefore any claims he brings against Plaintiff in this case are untimely. However, Reddeck makes allegations that could be construed as a claim that Plaintiff acted in bad faith in handling his claim. Should the Court grant Plaintiff's request for an injunction, this would extend the protections of interpleader beyond its permissible limits. A federal court may permit an injunction against claimants to an interpleader action where it is "necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2282. Plaintiff argues that Defendants should be required to assert their claims only through this proceeding, but also requests that they be discharged from this suit. This would effectively prevent Reddeck from ever bringing such claims against them. Therefore, Plaintiff's request for an injunction is **DENIED.**

As the Court finds that Plaintiff has met the requirements for interpleader, Plaintiff's motion to deposit the applicable funds into the Court registry is **GRANTED.** The Court has reviewed the billing statement from Plaintiff's counsel submitted with this Motion and **GRANTS** Plaintiff's request to deduct such fees and costs from the life insurance proceeds prior to deposit. Dkt. # 15 Ex. B. As Reddeck's counterclaim is untimely and Defendants have not filed any other claims against Plaintiff, the Court **GRANTS** Plaintiff's request to discharge them from this case. Dkt. # 14.

The Court **ORDERS**:

1. The Clerk is directed to accept Plaintiff's cashier check, made payable to the Clerk, in the amount of $298,000 plus applicable interest incurred through the date of deposit.
2. Plaintiff shall deduct its fees and costs in the amount of $8,780.79 from the original deposit amount prior to depositing the sum with the Clerk.
3. The Clerk is directed to deposit this money into a market rate investment account at a variable interest rate, at the Court's current financial institution.
4. Plaintiff is dismissed, with prejudice, from this action.

Dated this 31st day of August, 2018.

_____
The Honorable Richard A. Jones
United States District Judge