UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURIAN LIFE INSURANCE COMPANY, | CASE NO. C18-00023 RAJ |
| Plaintiff, | ORDER |
| v. | |
| EDWARD REDDECK; DARLENE CRAIG; FRITZ DERHEIM AND BETH DERHEIM, | |
| Defendants. | |

## I.    BACKGROUND

This matter comes before the Court on Defendant Edward Reddeck's Motion to Set Aside Default.  Dkt. # 23.  Defendants, Beth Derheim and Fritz Derheim (the "Derheims"), oppose the Motion.  Dkt. # 27.  For the reasons set forth below, to the extent that Defendant Edward Reddeck's Motion seeks to set aside the default judgment entered against him, the Court **GRANTS** the Motion.  Dkt. # 23.

Plaintiff Securian Life Insurance Company filed this action against Defendants on January 8, 2018.  Dkt. # 1.  On May 4, 2018, Plaintiff filed a motion for default against Edward Reddeck.  Dkt. # 11.  On May 8, 2018, the Court granted Plaintiff's motion for

1  default.  Dkt. # 16.  Reddeck, proceeding *pro se*, filed four documents in response to

2  Plaintiff's Motion.  Dkt. ## 19-22.  Plaintiff then sought leave to deposit the life

3  insurance benefits at issue into the registry of the Court.  Plaintiff also sought dismissal

4  from the case and an injunction from further proceedings against it relating to those

5  benefits.  Dkt. # 14.  On August 31, 2018, the Court granted in part and denied in part

6  Plaintiff's motion, finding that the requirements for interpleader were met, and

7  discharging Plaintiff from this action.  Dkt. # 25.  On August 28, 2018, Reddeck filed this

8  Motion to Set Aside Default.  Dkt. # 23.

9         **II.     DISCUSSION**

10        The Federal Rules provide that a "court may set aside an entry of default for good

11  cause...."  Fed. R. Civ. P. 55(c).  To determine "good cause", a court must "consider[ ]

12  three factors: (1) whether [the party seeking to set aside the default] engaged in culpable

13  conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3)

14  whether reopening the default judgment would prejudice" the other party.  *US v. Signed*

15  *Personal check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

16  Crucially, however, "judgment by default is a drastic step appropriate only in extreme

17  circumstances; a case should, whenever possible, be decided on the merits."  *Id.* (quoting

18  *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)); *see also Latshaw v. Trainer Wortham*

19  *& Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006); *Speiser, Krause & Madole P.C. v.*

20  *Ortiz*, 271 F.3d 884, 890 (9th Cir. 2001).

21         Reddeck's Motion and Reply repeat many of the same allegations made in his

22  earlier filings (Dkt. ## 19-22).  Dkt. ## 23, 29.  Specifically, Reddeck again alleges that

23  he was not properly served and that the Court lacks jurisdiction over this matter.

24  Reddeck argues that the Court lacks subject matter jurisdiction because not all of the

25  parties live in this district.  Dkt. # 23.

26         As noted in the Court's August 31, 2018 Order, the Court found that Reddeck was

27  properly served on March 1, 2018.  Dkt. # 25.  Plaintiff alleges that this Court has

jurisdiction over this matter because the amount in controversy exceeds $75,000 and the case is between citizens of different states. Plaintiff further alleges that jurisdiction is appropriate because the rights of the claimants in this case arise under federal law. *See* 28 U.S.C. § 1332; Dkt. # 1 at ¶ 7. Reddeck does not argue that the requirements for diversity jurisdiction have not been meant. In fact, his allegations confirm his belief that the amount in controversy is at least $300,000 and that he resides in Los Angeles, California. Dkt. # 23 at 3; Dkt. # 29. Plaintiff alleges that the Derheims are residents of Maricopa County, Arizona. Dkt. # 1 at ¶ 2. Reddeck does not dispute this allegation.

Pursuant to 28 U.S.C. § 1335, federal district courts have original jurisdiction of any civil action of interpleader that involves two or more adverse claimants of diverse citizenship, and where the plaintiff has deposited the benefits at issue into the registry of the court. Reddeck provides no argument or evidence that that this is not the case here. Rather, it is clear from Reddeck's filings that he engaged in conduct that led to the default based on his own beliefs regarding the proper jurisdiction of this Court. *See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) ("[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer.") Reddeck clearly had both actual and constructive notice of this filing, as evident by his active participation in this lawsuit. *See* Dkt. ## 18-23, 29. However, the "rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." *Yubran S. Mesle*, 615 F.3d at 1089. Reddeck is proceeding *pro se* and as such, is entitled to such greater "solicitude". Further, the Derheims make no argument that reopening the default judgment would prejudice them in any way, and the Court finds no evidence supporting that finding.

ORDER- 3

1        Therefore, to the extent that Defendant Reddeck's Motion seeks to set aside the

2   default against him, it is **GRANTED.**  Dkt. # 23.  Defendant Reddeck's Motion also

3   makes several other request for relief.  However, these requests for relief are

4   inappropriately sought at this time, as Defendant Reddeck was in default when he made

5   them.  To the extent that Defendant Reddeck's Motion seeks other forms of relief, it is

6   **DENIED** without prejudice.

7

8        Dated this 11th day of December, 2018.

9

10

11  _____

12  The Honorable Richard A. Jones
    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27